**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

LESTER SMITH, III                                                                                                           PLAINTIFF
REG. #03957-095

V.                        NO: 2:12CV00142 SWW/HDY

JOHNNY PAXTON *et al.*                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Lester Smith, III, formerly incarcerated at the Federal Correctional Institution in Forrest City, filed a *pro se* complaint (docket entry #2), on July 20, 2012. Defendants are Warden T.C. Outlaw, Cook Supervisor Johnny Paxton, Cook Supervisor Stephanie Martin, and Assistant Food Service Administrator Kenneth Cauley, all of the Federal Correctional Institution in Forrest City.[1] On October 5, 2012, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #19-#21).[2] Although Plaintiff has been granted additional time to file a response (docket entry #22), he has not done so, and mail sent to his address of record has been returned as undeliverable (docket entry #23).

---

[1] Plaintiff originally named a John Doe Defendant, but those claims were dismissed on August 14, 2012 (docket entry #13).

[2] Defendants filed the motion as a motion to dismiss, or in the alternative, for summary judgment. Because Defendants have attached a declaration and other evidence, the Court will treat the motion as a motion for summary judgment.

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**II. Analysis**

According to Plaintiff, he was the victim of Paxton's sexual harassment and abuse from October of 2008 until July of 2012, when he was incarcerated at the Federal Correctional Institution in Forrest City. Plaintiff asserts that Martin witnessed at least one incident, and that Outlaw failed to train officers to prevent such incidents, or to provide inmates guidance on how to report it. In fact, according to Plaintiff, a system of retaliation was established under Outlaw, which included retaliation against Plaintiff for reporting the abuse. Plaintiff also alleges that internal fighting between the various food supervisors, and their efforts to have him "take sides," resulted in a more hostile work environment.

Defendants assert, among other things, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their assertion, Defendants have provided the declaration of Blair Summers, a Federal Bureau of Prisons ("BOP") legal assistant who maintains inmate central and administrative remedy files (docket entry #19-1). According to Summers, the BOP has a three-tiered administrative procedure, requiring an inmate to first attempt to resolve their grievance informally with the staff. If that informal attempt is unsuccessful, the inmate addresses his complaint to the warden at the local institutional level, and, if he remains dissatisfied, he may appeal to the regional director. If still dissatisfied, the inmate may appeal to the officer of general counsel in Washington, D.C. Summers's declaration indicates that Plaintiff filed only one administrative remedy complaining of staff behavior, and that it was rejected at the regional office because it was not filed with the institution first. Thus, according to Summers, Plaintiff failed to exhaust any administrative remedy at any point during his incarceration. Plaintiff has offered nothing in response to demonstrate proper exhaustion. Because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Defendants' motion should be granted and Plaintiff's complaint should be dismissed without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #19) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   14   day of November, 2012.

 

UNITED STATES MAGISTRATE JUDGE